# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-0004V
### Filed: March 22, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BRIANA GWENELL JONES, <br> As administrator and legal <br> Representative of the estate of <br> LEANELL JONES, deceased, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. | Attorneys' Fees and Costs; <br> Special Processing Unit ("SPU") |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Elizabeth M. Muldowney, Rawls, McNelis & Mitchell, P.C., Richmond, VA, for petitioner.*
*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 5, 2015, Leanell Jones ("Mr. Jones") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). The petition alleged that as a result of receiving an influenza ("flu") vaccine on October 28, 2012, Mr. Jones suffered neuropathic pain and weakness in his left shoulder and arm. Petition at 1; Stipulation, filed July 25, 2016, at ¶ 4. During the pendency of the claim, Mr. Jones passed away and Briana Gwenell Jones ("petitioner") was appointed administrator and legal representative of Mr. Jones's estate,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and substituted as petitioner therein.  On July 25, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 43).

On January 12, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 48).  Petitioner requests attorneys' fees in the amount of $29,328.00, and attorneys' costs in the amount of $812.60, for a total amount of $30,140.60.  *Id.* at 11. In compliance with General Order #9, petitioner filed a signed statement indicating that she incurred $835.48 in out-of-pocket expenses.  *Id.* at Ex. 20.

On January 17, 2017, respondent filed a response to petitioner's motion.  (ECF No. 50).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent, however, further states that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent further states that the "Federal Circuit has also made clear that  special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent.  *Id.* at 2.  Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case."  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates in this particular case.

**Accordingly, the undersigned awards the total of $30,976.08[3] as follows:**

- **A lump sum of $30,140.60, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Rawls McNelis, P.C.; and**

- **A lump sum of $835.48, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.